C. A. BERRY, Appellant, v. THE ANCHOR MUTUAL FIRE
INSURANCE COMPANY.

**Mutual Insurance Companies.** Such a society created a guaranty
fund. The liability of its contributors was confined to making
advances when the statutory method of assessing premium notes
proves insufficient to pay losses, the advance to be repaid by
statutory assessment when same becomes allowable. Non-
payment of a contribution assessed within a certain time after
notice, forfeits prior contribution not repaid. The directors of
such society are to be chosen from such contributors. One of
them was made director, paid some assessments on his guaranty
note by having his salary as director indorsed and otherwise.
*Held,* such contributors are not members of the society and are
not eligible to the directory. The creation of the guaranty fund
is not illegal. The contributors are presumed to know that the
directory provided is illegal, and therefor, a guaranty note volun-
tarily given is enforceable, including said forfeiture upon non-pay-
ment of guaranty fund assessment.

*Appeal from Union District Court.*—HON. W. H. TED-
FORD, Judge.

THURSDAY, APRIL 4, 1895.

Action at law to recover money alleged to be due.
A jury having been waived, there was a trial by the
court, and a judgment in favor of the defendant for
costs. The plaintiff appeals.—*Affirmed.*

*Barcroft & McCaughan* for appellant.
*Sullivan & Sullivan* and *James G. Bull* for appellee.

Robinson, J.—The defendant is a corporation
organized under the laws of this state in July, 1889, for
the purpose of insuring the property of its members,
on the mutual plan, against loss or damage by fire,
lightning, cyclones, high winds, and tornadoes. It was

first known as the Hotel Owners' Mutual Fire Insurance Company, but its name was afterward changed to the "Anchor Mutual Fire Insurance Company." The articles of incorporation provide that the funds of the corporation for the payment of its losses and the necessary expenses shall consist exclusively of money raised by assessments on pledges and obligations given by its members for their insurance, and that the assessments may be limited by the by-laws of the corporation. The articles also provide that there shall be a guaranty fund of not less than twenty-five thousand dollars, which shall be divided into shares of one hundred dollars each; that the fund may be increased by a vote of two-thirds of the shareholders; that it shall be secured by the obligations of the contributors to be known as the "guaranty fund notes," which shall be subjected to assessment for the purpose of meeting losses and expenses for which the company shall become liable on its certificates of insurance when there is not sufficient money in the fund created for that purpose, or when for any reason the money cannot be raised from assessments or pledges of members at the time when the losses become payable. The articles further provide that money raised from the assessments of shares and applied to the payment of losses and expenses shall be regarded as advances to be reimbursed from the fund thereafter raised by assessments upon the pledges of members of the association for their own insurance, with interest thereon, to be paid pro rata to the contributors of the guaranty fund. The corporation is authorized to issue those contributors certificates showing the amount of the fund guarantied, and the holders of such certificates are members of the corporation, whether they hold certificates of insurance or not. The sole management of the business is vested in a board of directors to be

chosen from the guaranty holders. The plaintiff became a contributor to the guaranty fund, and gave his guaranty fund note for the sum of four thousand dollars. He has paid assessments on the note to the amount of seven hundred and twenty dollars, and he seeks to recover that amount, with interest, and also five hundred and seventy-five dollars, with interest, which he claims to be due him for services rendered as director of the defendant, and he asks for an order commanding the defendant to assess the pledges and obligations of its members as required by its articles of incorporation and the laws of the state. He claims that the guaranty fund obligations were assessed unlawfully, and that the pledges and obligations of the defendants for insurance should have been, and should now be, assessed to repay the amount taken from the guaranty fund. The defendant denies the alleged illegality of the assessments made, and claims that it has assessed its members on their obligations given for insurance the full amount which can be so assessed. It claims that the amount rightfully due the plaintiff as director was rightfully credited on his guaranty fund note, and that he has failed to pay an assessment properly made on his note, although duly notified of it, and that by reason of his failure to pay the assessment the payments made are forfeited. The district court found that at the time it rendered judgment it could not order an assessment to reimburse the plaintiff, that by reason of his failure to pay the regular assessment he had forfeited his right to recover the advances he had made, and that nothing was due him for his services as director.

The obligations of the policy holders of the defendant are in the form of premium notes. When the policy runs for several years, a part only of the note is payable each year. If a note for ninety dollars is taken for a six-years policy, fifteen dollars are due and payable each

year, if the corporation needs so much. The first payment would be due ninety days from the date of the note, the second payment would be due one year from the date of the policy, and the others at intervals of one year. The evidence justified the district court in finding that the premium notes have not yielded sufficient revenue to pay the expenses of the defendant and its obligations under its certificates of insurance for losses which have accrued; that all the revenue which can be derived from those notes for an indefinite time in the future, if assessed only according to the terms on which they were given, will be required to pay such expenses and losses; and that no money can be raised, by assessments or otherwise, at this time, for the payment of the claims of the plaintiff, even if they be valid. The Code provides that no company shall commence business in this state on the mutual insurance plan "until agreements have been entered into for insurance with at least two hundred applicants, the premiums upon which shall amount to not less than twenty-five thousand dollars, of which at least five thousand dollars shall have been paid in actual cash, and for the remainder of which notes of solvent parties founded upon actual applications for insurance made in good faith shall have been received, * * * nor shall any note be regarded or represented as capital stock unless a policy be issued upon the same within thirty days after the organization of the company taking the same, upon a risk that shall be for no shorter period than twelve months." "Each of said notes shall be payable in whole or in part at any time when the directors shall deem the same requisite for the payment of losses by fire or inland navigation, and such individual expenses as shall be necessary for transacting the business of said company." Section 1124. "All notes deposited with any mutual insurance company at the time of its organization as provided in

section eleven hundred and twenty-four hereof shall remain as security for all losses and claims until the accumulation of the profits invested as required by section eleven hundred and thirty of this chapter, shall equal the amount of cash capital required to be possessed by stock companies organized under this chapter, the liability of each note decreasing proportionally as the profits are accumulating, but any note which may have been deposited with any mutual insurance company subsequent to its organization, in addition to the cash premium on any insurance effected with such company, may at the expiration of the time of such insurance, or upon the cancellation by the company of the policy, be relinquished and given up to the maker thereof, or his legal representatives, upon his paying his portion of losses and expenses which may have accrued thereon during such term,     *   *   * and every person effecting insurance in any mutual company, and also his heirs, executors, administrators, and assigns, continuing to be so insured shall thereby become members of said company during the period of insurance and shall be bound to pay for losses and such necessary expenses as aforesaid, accruing to said company in proportion to his or their deposit note. *   *   *" Section 1138.  "The directors shall, as often as they deem necessary after receiving notice of any loss or damage, settle and determine the sums to be paid by the several members thereof as their respective portions of such loss;   *   *   *   but the sum to be paid by each member shall always be in proportion to the original amount of his deposit note.   *   *   *   But no member shall ever be required to pay for any loss more than the whole amount of his deposit note."   Section 1139.

It is claimed by the appellant that the statute is full and complete, providing for and limiting the means

for raising funds to pay every liability that the company is authorized to incur, and that the articles of incorporation and by-laws cannot provide any other valid method for raising funds; that, power having been given the company to raise money in a particular manner, no other method can be adopted, and that no assessment except that which is provided by statute can be made; that, as the statute provides that every person having insurance in a mutual company is a member thereof, no person can become a member by other means; and that the provisions in the articles of incorporation of the defendant, making the holders of guaranty fund certificates members of the company, even though they have no insurance therein, and requiring the board of directors to be chosen from the holders of that fund, are void. It is further insisted that, as the guaranty fund notes are not recognized nor provided for by the statute, they also are void. The statute requires that all directors of a fire insurance company be stockholders. Code, section 1126. Mutual companies have no stockholders, within the ordinary meaning of the term, but they may have money and other property which is owned by its members subject to the right of the company to control and use it for corporate purposes. The statute recognizes the premium notes as "capital stock," and the members are, within the meaning of the statute, stockholders of the company, from whom directors may be chosen. Persons having insurance in a mutual insurance company are members of it while their insurance continues in force. There is no statutory provision making any one else members. Persons contributing to a guaranty fund are not, by reason of that fact, members of the company, for their interests are not thereby made of the same character as those of persons who have insurance. Those persons are liable for their proper share of the losses which

occur while they are members.   The contributors to the guaranty fund are liable for such losses only when the funds of the company for which the statute provides are not sufficient to pay them; and when they are liable it is only to advance money, which is to be repaid with interest when it can be raised by assessment upon the pledges of the members of the company given for their own insurance.   The paramount interest of guaranty fund holders would be to make profitable investments for themselves, and to so assess pledges given by members for insurance as to promote that interest.   That might not be in accord with the general interests of the company and the purposes it was designed to accomplish.   Therefore, to make contributors to the guaranty fund members of the corporation, and to require all directors to be selected from their number, thus giving to them the sole control and management of the business of the corporation, is not only not authorized by the statute in terms, but is contrary to its spirit and intent.   We are of the opinion that, so far as the articles of incorporation of the defendant attempted to make guaranty fund holders members of the corporation, and to require that the directors should be selected from them alone, they are void.   We do not find, however, that the creation of a guaranty fund is itself illegal.   It is the purpose of the statute to afford to members of insurance companies indemnity against loss.   Provision is made for accumulating and investing funds, and, while it is not the intent of the law that accumulations for mutual companies shall be made for permanent investment, yet it is in harmony with its provisions to provide funds for such demands as cannot be met within a reasonable time by the assessments for which the law in terms provides.   In the absence of restriction, corporations have the implied power to do what is necessary or proper to

carry on the business for which they were organized.
It was held in *Orr v. Insurance Co.* (Pa. Sup.) 6 Atl. Rep.
700, that a mutual fire insurance company has the
implied power to borrow money with which to pay
losses.    In *Insurance Co. v. Weed*, 28 Conn. 51, it was
held that the creation of a guaranty fund for a mutual
life insurance company by substantially the method
adopted by the defendant in this case was warranted,
and that there was sufficient consideration for the notes
given for it.    The doctrine of that case was approved in
*Insurance Co. v. Perkins*, 38 N. Y. 404.    It is claimed
that *Kennan v. Rundle*, (Wis.) 51 N. W. Rep. 426, is
authority for a different rule.    In that case it appeared
that a bond had been executed by members of a mutual
fire insurance company to establish the credit of the
company upon a firmer basis, and to create a guaranty
fund.    By the terms of the bond each obligor guaran-
tied the payment of the then present and future indebt-
edness of the company to the amount written opposite
his name, and bound himself to pay to the company on
call of the board of directors, from time to time, such
sums, not exceeding in the aggregate the amount so
stated, for the payment of the losses and expenses of the
company.    In an action by the receiver of the company
on the bond it was held by the supreme court of Wiscon-
sin that the bond was invalid.    It is to be noticed that
the bond was not treated as a means for borrowing
money to be repaid by regular assessments on the
obligation of members given for insurance but as hav-
ing the effect to exempt members from assess
ments.    We are of the opinion that guaranty
fund notes, which are designed to furnish money
to the company for temporary use in paying its legiti-
mate expenses and losses, which is to be refunded from
money realized from assessments duly made on obliga-
tions given by members for insurance, may be entirely

in harmony with the purposes of a mutual insurance company, and the statute under which it exists and does business, and that, when notes are given for such a purpose, they are valid.   We are of the opinion that the illegal provision of the articles of incorporation of the defendant, in regard to membership of the contributors of the guaranty fund, and making them alone eligible to be chosen as directors, is not shown to affect the validity of the guaranty fund note given by the plaintiff.   He must be charged with knowledge of the illegality in the articles of incorporation which we have pointed out.   Having that knowledge, he voluntarily gave the note in question, and afterward paid assessments made thereon, and acquiesced in the indorsements for salary due him.   The purpose for which the note was given did not depend upon the illegal provisions of the articles of incorporation, and was legal.   The conditions upon which the note was received by the defendant were valid, and among them was one which provided that payments made should be forfeited in case of the failure or refusal of the maker to pay assessments within thirty days after notice thereof had been given.   The plaintiff failed to pay such an assessment after due notice, and, according to his contract, the payments made and credits received by him were forfeited.   We conclude that he has not shown himself entitled to any relief, and the judgment of the district court is *affirmed*.